UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM FRIERSON,

        Petitioner,

v.                                            CASE NO. 4:26-CV-10121
                                                HON. F. KAY BEHM

FEDERAL BUREAU OF PRISONS, et al.,

        Respondents.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. Federal prisoner William Frierson ("Petitioner") pleaded guilty to distributing more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) in the United States District Court for the Eastern District of Michigan and was sentenced to ten years in prison and five years of supervised release. *See United States v. Frierson*, No. 19-CR-20374 (E.D. Mich.). He is currently confined in a Residential Reentry Center ("RRC") in Flint, Michigan under the supervision of Residential Reentry Management ("RRM") in Detroit, Michigan. He has a projected release date of January 28, 2027. *See* Profile, BOP Inmate Locator, https://www.bop.gov/inmateloc/.

In his pleadings, Petitioner challenges the calculation of his federal sentence alleging that the Bureau of Prisons ("BOP") is not properly applying his earned First Step Act credits toward supervised release and that the BOP's recent change to his supervised release date from January, 2026 to January 2027 violates his due process rights.  ECF No. 1, PageID.3.  Petitioner seeks immediate application of his earned FSA credits and immediate placement on supervised release.  *Id*.

II.

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)); *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If so, the court must summarily dismiss the petition.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

2

A dismissal under Rule 4 is appropriate for petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-437 (6th Cir. 1999). After undertaking such review, the Court concludes that the petition must be dismissed.

### III.

It is well-settled that federal prisoners must exhaust administrative remedies before filing a habeas petition under § 2241. *United States v. Wilson*, 503 U.S. 329, 334-336 (1992); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). The BOP has a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the warden=s response, the prisoner must file a BP-10 Form to appeal to the Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, the prisoner must file a BP-11 Form to appeal to the General Counsel at the Central Office, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. The BOP's administrative remedy process applies to

3

inmates in federal prisons, inmates in reentry centers and on home confinement, and former inmates.  *See* 28 C.F.R. § 542.10.  Because Petitioner is in an RRC supervised by the Detroit RRM office, he is a federal inmate who is subject to the exhaustion requirement.  *Id*.

Exhaustion is an affirmative defense, and a court may not dismiss a § 2241 petition at the screening stage for failure to plead exhaustion or attach exhibits with proof of exhaustion.  *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).  A district court, however, may sua sponte summarily dismiss such a petition on exhaustion grounds when a petitioner=s failure to exhaust is apparent on the face of the pleading.  *See Jones v. Bock*, 549 U.S. 199, 214-215 (2007) (civil rights case); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, *2 (6th Cir. Dec. 11, 2020) (denying a certificate of appealability where the district court summarily dismissed a § 2254 petition on exhaustion grounds); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, *1 (6th Cir. July 17, 2017) (citing cases and affirming summary dismissal of § 2241 petition on exhaustion grounds).

Such is the case here.  Petitioner states that he attempted to resolve this matter informally with the BOP and the RRC, but indicates that he has not fully exhausted, or even attempted to exhaust, available administrative remedies.  ECF No. 1, PageID.3.  Petitioner must complete the established administrative process,

4

or at least attempt to do so, before seeking federal habeas relief under § 2241.

Petitioner contends that exhaustion should be excused because his petition involves a purely legal interpretation of the FSA, administrative remedies are unavailable, and he is being held in custody beyond his lawful date. *Id.* Petitioner, however, cites no legal authority in support of his position. *See, e.g., Fortson v. Entzel*, No. CV 25-43-DLB, 2025 WL 1370013, *2 (E.D. Ky. Apr. 18, 2025) (dismissing petition on exhaustion grounds where petitioner failed to identify any legal authority that would excuse exhaustion). Additionally, courts within this circuit have rejected such arguments. *See, e.g., Mirafuentes-Valdez v. FCI Elkton*, No. 4:23-CV-1289, 2024 WL 872283, *3 (N.D. Ohio Jan. 29, 2024), R & R adopted sub nom. *Mirafuentes-Valdez v. Warden, FCI Elkton*, No. 4:23 CV 1289, 2024 WL 866316 (N.D. Ohio Feb. 29, 2024) (rejecting argument that exhaustion should be excused because petitioner's claims involve statutory interpretation and he might be entitled to earlier release if he prevails); *Smiley v. Warden, FCI Ashland,* No. CV 23-32-DLB, 2023 WL 2656745, *2 (E.D. Ky. Mar. 27, 2023) (same); *Cook v. Hemingway*, No. 21-CV-11711, 2022 WL 3568571, *3 (E.D. Mich. Aug. 18, 2022) (same); *see also Preiser v. Rodriguez*, 411 U.S. 475, 494-495 (1973) (rejecting argument that § 2254's exhaustion requirement should be excused because passage of time while process is completed might render

5

claims irremediable). Lastly, as discussed, Petitioner has available administrative remedies to exhaust his claims. His habeas petition is thus premature and must be dismissed.

## VI.

For the reasons stated, the Court concludes that Petitioner has not exhausted available administrative remedies before instituting this action. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the habeas petition. The Court makes no determination as to the merits of his claims. A certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Consequently, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision. This case is closed.

**SO ORDERED.**

Dated: January 16, 2026                               s/F. Kay Behm
                                                                      F. Kay Behm
                                                                      United States District Judge